# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### WESTERN DIVISION

JAMES CLAYTON LANDINGHAM, # 99144071                          PETITIONER

VERSUS                                    CIVIL ACTION NO. 5:10-cv-32-DCB-MTP

BRUCE PEARSON                                                 RESPONDENT

## MEMORANDUM OPINION

This matter is before the court, <u>sua sponte</u>, for consideration of dismissal.  Petitioner, an

inmate incarcerated at the Federal Correctional Complex - Yazoo, Yazoo City, Mississippi, filed

this petition for habeas relief pursuant to 28 U.S.C. § 2241 on March 12, 2010.  This court

entered an order [2] on April 2, 2010, directing petitioner to file a written response providing

more information regarding his conviction and sentence.  Petitioner filed a response [5] on May

4, 2010, providing the requested information.  Petitioner states that he was convicted of

conspiracy to distribute narcotics on January 7, 2003, in the United States District Court of South

Carolina.  <u>Resp</u>. [5], p. 1.  Subsequently, petitioner was sentenced to 121 months in the custody

of the Bureau of Prisons (BOP).  <u>Pet</u>. [1], p. 1.

## I. Background

The petitioner argues that he should be considered by the BOP for pre-release Residential

Re-entry Center (RRC) placement.  The petitioner contends that the BOP should place him in an

RRC for the maximum allowable time of twelve months prior to his projected release date.  <u>Pet</u>.

[1], p. 18.  Petitioner bases his argument on the Second Chance Act of 2007.[1]  Petitioner states

---

[1]  Congress passed the Second Chance Act of 2007, Pub. L. 110-199, Title II, § 251(a), 122 Stat. 692 (Apr. 9, 2008), which amends 18 U.S.C. § 3624(c) to increase placement in an RRC to a maximum allowable placement of up to twelve months prior to the prisoner's projected release date, and requires the BOP to make placement decisions on an individual basis consistent with the criteria set forth in 18 U.S.C. § 3621(b).

that as a result of the Second Chance Act, the BOP is required to review prisoners for RRC

placement seventeen to nineteen months before their projected release date. Pet. [1], p. 3.

According to the petition, petitioner's projected release date is August 27, 2012. Pet. [1], p. 1.

## II. Analysis

According to the United States Court of Appeals for the Fifth Circuit, "[a] section 2241

petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or

the prison authorities' determination of its duration, and must be filed in the same district where

the prisoner is incarcerated." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). Clearly, the

petitioner in the instant civil action is challenging the manner in which his sentence is being

executed. However, as discussed below, since petitioner has not actually been denied RRC

placement, this court finds that his claim is not ripe and therefore lacks jurisdiction to hear

petitioner's claim.

### a. Exhaustion

Petitioner must "exhaust his administrative remedies before seeking habeas relief in

federal court under 28 U.S.C. § 2241." Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994); see also

Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993). The purpose of the exhaustion requirement

is to permit the federal agency being challenged to correct its own error without court

intervention. Smith v. Thompson, 937 F.2d 217, 219 (5th Cir.1991). Petitioner attempted to

exhaust his administrative remedies prior to RRC placement consideration in order to require the

BOP to consider him for RRC placement for the full twelve month period prior to his projected

release date. Pet. [1], p. 17. The BOP denied his request for administrative remedy and

instructed him that he could file for relief after he had actually been denied RRC placement for

the full twelve month period prior to his projected release date.  Id.  In doing so and receiving

this response, petitioner argues that the time frame of seventeen to nineteen months prior to

release for RRC consideration has been set by the BOP in order to "prevent the [p]etitioner from

having ample time for exhaustion of the internal remedies and the taking his issue to court."  Id.

Petitioner goes on to argue that if the full exhaustion is completed he would be inside the twelve

month period prior to his projected release date, therefore, rendering his claim moot.  Id.

Petitioner presents a lengthy argument that, not only would the exhaustion of his

administrative remedies be futile, it would destroy his chance of receiving more than six months

placement in the RRC.  Pet. [1], p. 11.  Additionally, petitioner offers a long and detailed

argument regarding the futility of exhaustion and the distinction between judicially imposed and

statutorily imposed exhaustion requirements.  This court finds that, as discussed below, since

petitioner's claim is unripe and as such this court lacks jurisdiction, his arguments regarding the

futility of and disagreement with the exhaustion requirement are misplaced.

b. Ripeness

"Article III of the Constitution confines the federal courts to adjudicating actual 'cases'

and 'controversies'."  United Transportation Union v. Foster, 205 F.3d 851, 857 (5th Cir. 2000).

As such, in order for this court to have jurisdiction, the "case" must be "ripe for decision,

meaning that it must not be premature or speculative."  Shields v. Norton, 289 F.3d 832, 835 (5th

Cir. 2002)(citing United Transportation Union, 205 F.3d at 857 (5th Cir. 2000)).  Petitioner

acknowledges that he has not actually been reviewed for and/or denied RRC placement.  Pet. [1],

p. 17.  In essence, petitioner is attempting to preemptively challenge his RRC placement

anticipating that it will be less than twelve months.  Petitioner makes this argument based on the

3

belief that the Director of the BOP, Harley Lappin, has made it general practice of the BOP to not place prisoner's in an RRC for longer than six months prior to their projected release date. Pet. [1], p. 15.

While petitioner attempts to preemptively argue that he will not be granted RRC placement for the full twelve month period prior to his projected release date because the BOP has a practice of not doing so, it is mere speculation that he will not be given the full twelve month placement. Therefore, given the "temporally distant and speculative nature" of petitioner's claim, he fails to establish that he will "sustain immediate injury" and "that such injury would be redressed by the relief requested." Sample v. Morrison, 406 F.3d 310, 312 (5th Cir. 2005)(citing Cinel v. Connick, 15 F.3d 1338, 1341 (5th Cir. 1994)). See also Ray v. Chapman, No. 4:09cv354Y, 2009 WL 3334599, at *2 (N.D. Tex. March 28, 2007)(§ 2241 petition dismissed where it was mere speculation whether petitioner would be denied RRC placement for the full twelve month period before her projected release date); Stewart v. Cruz, No. 3:10cv538K, 2010 WL 1286543, at *2 (N.D. Tex. March 24, 2010). As such, petitioner's claim is not ripe and will be dismissed.

Conclusion

For the foregoing reasons, petitioner's case will be dismissed without prejudice for this court's lack of jurisdiction.

A final judgment will be entered in accordance with this memorandum opinion.

SO ORDERED this the ___14th___ day of May, 2010.

                         __s/ David Bramlette_____
                         UNITED STATES DISTRICT JUDGE